Citation Nr: 1533648 
Decision Date: 08/06/15 Archive Date: 08/20/15

DOCKET NO. 12-04 162 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to service connection for a bilateral hip disability. 

2. Entitlement to service connection for a bilateral knee disability.

3. Entitlement to a temporary total evaluation based on the need for convalescence following right hip replacement surgery.


REPRESENTATION

Veteran represented by: Oregon Department of Veterans' Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran, C.F., and M.H.


ATTORNEY FOR THE BOARD

A. P. Simpson, Counsel


INTRODUCTION

The Veteran served on active duty from January 1953 to January 1956.

This matter is before the Board of Veterans' Appeals (Board) on appeal from April 2009 and April 2010 decisions of the Department of Veterans Affairs (VA) Regional Office in Portland, Oregon, and a November 2010 decision of the VA Tiger Team in Cleveland, Ohio.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Veteran's bilateral hip disability is not due to service.

2. The Veteran's bilateral knee disability is not due to service.

3. The Veteran's right hip replacement in March 2008 did not involve a service-connected disability. 


CONCLUSIONS OF LAW

1. The criteria for service connection for a bilateral hip disability are not met. 38 U.S.C.A. §§ 1101, 1110, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).

2. The criteria for service connection for a bilateral knee disability are not met. 38 U.S.C.A. §§ 1101, 1110, 1131, 1154, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).

3. The criteria for a temporary total evaluation for convalescence following right hip replacement surgery pursuant to the provisions of 38 C.F.R. § 4.30 have not been met. 38 U.S.C.A. §§ 1155 (West 2014); 38 C.F.R. § 4.30 (2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100 , 5102, 5103, 5103A, 5107, 5126 (West 2014); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). 

The record reflects that VA provided the Veteran with the notice required under the VCAA in letters dated in February 2008 and February 2010. 

Concerning VA's duty to assist, VA has obtained the Veteran's VA treatment records and post-service private treatment records. The Veteran has submitted lay statements from his daughters and brothers. The Veteran's daughters also testified at the April 2014 Board hearing. The Veteran has not identified any other records that VA needs to obtain. Per the Board's instructions in the May 2014 remand, VA also provided the Veteran with a new examination and obtained a medical opinion. The July 2014 examination report and April 2015 addendum are adequate for adjudicatory purposes. The examiner was aware of the Veteran's pertinent medical history and rendered appropriate findings and a medical opinion, which was supported by clinical rationale. The Board accordingly finds that VA's duty to assist has been met. 

In April 2014, the Veteran was provided an opportunity to set forth his contentions at a hearing before the undersigned Veterans Law Judge. The record reflects that at this hearing, the undersigned set forth the issues to be discussed, focused on the elements necessary to substantiate his claims, and sought to identify any further development that was required to help substantiate the claims. These actions satisfied the duties a Veterans Law Judge has to explain fully the issues and to suggest the submission of evidence that may have been overlooked. See Bryant v. Shinseki, 23 Vet. App. 488, 492 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board). Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2), nor have they identified any prejudice in the conduct of the hearing. 

II. Service Connection

The Veteran alleges that he has developed osteoarthritis in his hips and knees, which he believes is the result of parachute jumps performed in service.

In general, service connection may be granted for disability or injury incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2014). To establish a claim for service connection, the evidence must show three elements: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The evidence shows that the Veteran has been diagnosed with osteoarthritis of both hips and knees (the Veteran subsequently underwent a right hip replacement). Thus, element (1), evidence of a current disability, has been met as to each disability. 

Additionally, while the service treatment records are silent for any complaint of bilateral hip or bilateral knee pain, the Veteran was a member of the 82nd Airborne Division and has established in-service events based on the 14 to 16 parachute jumps he reported he had performed during service. Therefore, element (2), evidence of in-service incurrence of an injury or injuries, has been met as to each disability. The Veteran has not alleged, and the record does not otherwise reflect, any other possible etiology for his arthritis, other than the parachute jumps. 

The crux of this case rests on whether there is a relationship between the post service diagnoses of osteoarthritis of the hips and knees and the Veteran's in-service parachute jumps. In May 2014, the Board had determined that the October 2008 VA medical opinion, which was not favorable, was inadequate because the examiner did not address the left hip and did not seem to fully consider the impact of the Veteran's multiple parachute jumps during service. Therefore, it sought another medical opinion. In a July 2014 examination report and an April 2015 addendum, a VA examiner concluded that it was less likely than not that osteoarthritis of the hips and knees was due to multiple parachute jumps in service. The examiner stated he had thoroughly searched medical literature and was unable to find any acceptable objective scientific research that demonstrated a relationship between parachute jumps and hip and knee osteoarthritis. He noted that research showed that osteoarthritis could be found radiographically in the first, second, and third decades of life. The examiner described the Veteran's osteoarthritis as age typical and noted that it likely developed decades after service discharge. He concluded that the osteoarthritis in the hips and knees was more likely due to regular wear and tear of the musculoskeletal system and the natural aspects of aging. The examiner stated he was unable to provide an opinion as to whether or not the Veteran had arthritis within one year following service discharge because there were no x-rays of the hips and knees taken within that time period.

The Board accords this medical opinion high probative value. The examiner had an opportunity to examine the record, review the evidence, and research the applicable scientific evidence, and he provided a rationale for his conclusions-both the conclusion that it was less likely as not that the osteoarthritis was due to in-service parachute jumps and the conclusion that it was more likely that the osteoarthritis was due to normal wear and tear and the aging process. There is no competent evidence to refute this medical opinion.

As correctly pointed out by the VA examiner, there are no x-rays of record that were completed during the one-year period following the Veteran's service discharge. There is competent evidence that the Veteran did not have arthritis in the right knee within one year after service discharge, as a November 1974 x-ray of the right knee, taken approximately 18 years after service, was normal. As to the right hip, left hip, and left knee, there is no competent evidence that osteoarthritis was manifested to a compensable degree within one year after service discharge. Thus, service connection on a presumptive basis is not warranted for any of the disabilities. 38 U.S.C.A. § 1101 (West 2014); 38 C.F.R. § 3.307, 3.309 (2014).

The Board is aware that the Veteran has alleged during the appeal that he had bilateral hip and knee pain very soon after service discharge, which has persisted since that time. He has provided statements from his brothers that they remember the Veteran returning from service and having a lot of pain. The Veteran's daughters have both described in statements and provided testimony regarding their early memories of their father being in pain. The evidence shows that the Veteran consistently reported chest pain immediately following service discharge and sustained post-service injuries to his back in 1960 and 1978. See July 1961 and August 1983 Reports of Medical Examination for Disability Evaluation. The Board has accorded more probative value to the statements the Veteran made in 2006 to his private physician and in 2007 to VA, where he reported a much more recent onset of bilateral hip and knee pain, see June 2006 and January 2007 medical records, than the statements he has made during the appeal of chronic bilateral hip and knee pain since service discharge. See FED. R. EVID. 803(4) (noting that statements made to physicians for the purposes of diagnosis and treatment are exceptionally trustworthy).

Thus, element (3), a causal relationship between the present disability and the disease or injury during service, is not met. 

In summary, the preponderance of the evidence is against the claim of entitlement to service connection for bilateral hip and bilateral knee disabilities. The Board has considered the benefit-of-the-doubt rule; however, since a preponderance of the evidence is against the Veteran's claims, the rule is not for application. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2014).

III. Temporary Total Rating

A temporary total disability rating will be assigned if treatment of a service-connected disability results in surgery necessitating convalescence, severe post-operative residuals, or immobilization. 38 C.F.R. § 4.30(a) (2014). 

The Veteran underwent a right hip replacement in March 2008. He is not service connected for a right hip disability, and the Board has specifically denied service connection for such disability in this decision. Thus, the Veteran's claim for a temporary total disability rating is denied as a matter of law. See Sabonis v. Brown, 6 Vet. App. 426 (1994). 


ORDER

Service connection for a bilateral hip disability is denied. 

Service connection for a bilateral knee disability is denied.

Entitlement to a temporary total evaluation based on the need for convalescence following right hip replacement surgery is denied.



____________________________________________
Donnie R. Hachey
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs